IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | CR No. 6-337 |
| | ) | CV No. 7-496 |
| SHARRON FIELDS | ) | |

AMBROSE, Chief District Judge.

## OPINION AND ORDER

### SYNOPSIS

In this criminal matter, Defendant pleaded guilty to violating 21 U.S.C. §§ 841 (a)(1)(b)(1), (1)(B)(ii), and 18 U.S.C. § 922(g)(1).  Before the Court is Defendant's motion pursuant to 28 U.S.C. § 2255, claiming that appellate counsel was ineffective for abandoning the appeal, and that prior counsel were ineffective in that they advised Defendant to plead guilty, without investigation or obtaining discovery.   In response, the Government avers, inter alia, that in his plea agreement, Defendant waived his right to direct appeal and to collateral attack.

For the following reasons, Defendant's Motion will be denied.

### OPINION

## I. APPLICABLE STANDARDS

### A. Section 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission

inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

## B. Ineffective Assistance of Counsel

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687.   Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13 (3d Cir. 1989). Speculation as

to "whether a different . . . strategy might have been more successful" is not enough. <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of <u>Strickland</u> rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." <u>Id.</u> at 844.[1]

Accordingly, a guilty plea may be withdrawn based on ineffective assistance of counsel only if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." <u>United States v. Maynard</u>, 152 Fed. Appx. 191 (3d Cir. 2005).

## II. DEFENDANT'S MOTION

### A. Waiver

Defendant argues that because his counsel advised him to plead guilty without investigation or the benefit of discovery from the Government, his plea was unknowing and involuntary. In particular, he complains that the defense lacked discovery material under <u>Brady v. Maryland</u>, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963, and the Jencks Act,18 U.S.C. § 3500. Defendant's attack on his guilty plea and his claim of ineffective assistance overlap, and I will address them simultaneously.

Generally, waivers of the right to appeal and collateral attack are

---

[1] The <u>Strickland</u> standard for effective assistance of counsel also applies to appellate counsel. <u>Phillips v. Moore</u>, 2005 U.S. Dist. LEXIS 24158 (D.N.J. 2005).

valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

Presently, Defendant does not make any substantive claim that relates specifically to the negotiation of the waiver at issue; nor does he aver that the waiver of either his collateral attack or his appellate rights in particular was involuntary or unknowing. To the extent that Defendant argues that ineffectiveness of counsel rendered his waiver involuntary and unknowing, I reject that argument for the reasons discussed below. To the contrary, according to the Court's minute entry, Defendant was found competent, and he indicated that he waived indictment and knowingly and voluntarily pleaded guilty to the pertinent counts.[2] He has, therefore, not demonstrated that the waiver should be avoided on those grounds.

---

[2]The Government makes various representations regarding Defendant's plea hearing, but does not submit transcripts of that hearing. Although I do not rely upon the plea hearing for that reason, I note that my standard plea colloquy comports with the Government's assertions, and that "[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) (quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)).

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of justice." Khattak, 273 F.3d at 558. In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.

Defendant has not established that the waiver should be invalidated as a miscarriage of justice under Khattak. Considering the nature of the alleged errors does not weigh in his favor. In the first instance, the Government asserts, and I must accept, that it possessed no Brady material relating to Defendant. Moreover, the Government was not required to turn over Jencks material prior to the guilty plea; the requirements of the Jencks Act were not triggered here. See 18 U.S.C. § 3500, United States v. Rishell, No. 01-486, 2001 U.S. Dist. LEXIS 21536, at *10 (E.D. Pa. Dec. 21, 2001). Defendant does not discuss the content of potential discovery material, or whether any such material even exists; nor does he assert that it would have impacted his decision in any particular way. A nonexistent or questionable error simply cannot be of sufficient clarity, gravity, impact, or character to weigh in favor of nullifying a waiver. For the same reasons, the non-disclosure of Brady and Jencks materials prior to his plea cannot be said to affect the validity of that plea, and cannot have been caused or otherwise influenced by counsel's conduct.

Although neither Brady nor the Jencks Act provide a haven for Defendant, his Motion may also be construed as raising a more general argument that counsel had insufficient information to recommend a guilty plea, and therefore was ineffective in his investigation or his plea advice. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 690-91.

The case against Defendant, a convicted felon at the time, involved his arrest while he was carrying a plastic bag containing almost two kilograms of cocaine. A search warrant executed at his paramour's apartment uncovered additional cocaine, as well as items related to drug distribution. Pertinent, unchallenged searches resulted in seizures of over $54,000 in currency and a loaded firearm. Additionally, Defendant does not attack his factual admission, in connection with the plea agreement, that between 2 and 3.5 kilograms of cocaine were attributable to him. Two kilograms of cocaine is not an amount typically associated with personal use. Cf. United States v. Gates, 967 F.2d 497, 499 (11th Cir. 1992); United States v. McClendon, No. 96-1670, 1998 U.S. App. LEXIS 2013, at *6 (7th Cir. Feb. 10, 1998). The bulk of and basis for the Government's case against Defendant, including identities of pertinent people, was recited in the Criminal Complaint filed.[3] Moreover, the guilty plea included concessions from the Government, such as foregoing forfeiture on a vehicle. I simply cannot find that advising Defendant to plead guilty, without additional investigation, fell

---

[3]The Complaint is a sealed document.

below the wide range of professionally competent assistance.

Even assuming that counsel was somehow ineffective in dealing with investigation or discovery, however, Defendant cannot establish the required prejudice under Strickland.  The bald assertion that counsel was "unprepared" or lacked complete knowledge of the case, stripped of all specifics, is simply insufficient.  In other words, the mere possibility that the Government's arsenal may have included witness statements of unknown content does not demonstrate a reasonable probability that the outcome would have been different had Defendant been privy to that information.  Speculation is simply insufficient.

In sum, Defendant's waiver of his right to collateral attack should be enforced, and counsel was not ineffective for advising Defendant to plead guilty with the information available to him at the time.

## B. Appeal

I next address Defendant's argument that appellate counsel was ineffective for abandoning the appeal, without filing an Anders brief.  In the first instance, Defendant was not represented by appellate counsel in this matter.  This Court denied Defendant's request for appointment of same, and Defendant did not act on the Court of Appeals' instructions regarding how to obtain appellate counsel. Moreover, for the reasons discussed above, Defendant's waiver of his right to direct appeal is upheld.   There are no grounds for sustaining an ineffectiveness claim regarding Defendant's direct appeal.

## D. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

For the foregoing reasons, after careful consideration of the parties' submissions, I conclude that Defendant has not met the requirements for relief under Section 2255 on any of his claims of error. This matter entailed no fundamental defects, omissions, or miscarriage of justice on the grounds charged.  An appropriate Order follows.

## ORDER

AND NOW, this 30th day of January, 2008, It is hereby ordered, adjudged, and decreed that Defendant's Motion under 28 U.S.C. 2255 (Docket No. [68]) is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court